IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VASQUEZ

      Plaintiff,                    No. CIV S-09-1394 GGH P

    vs.

ARNOLD SCHWARZENEGGER

      Defendants.         ORDER

                                  /

          Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. See 28 U.S.C. § 636; see also E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Court records indicate that plaintiff has paid the $350.00 filing fee in full.

          Though plaintiff has paid the filing fee, he has also requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, which would allow the court to direct the U.S. Marshal's Office to serve the complaint rather than plaintiff being entirely responsible for service of process. However, the amount of plaintiff's earnings shows that plaintiff is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d

1

1448, 1449 (9th Cir. 1993).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that he was recently reclassified as eligible for a transfer to an out of state prison. While it does not appear that plaintiff has a pending transfer date in the immediate future, he seeks an injunction regarding the reclassification and any potential transfer. Plaintiff contends that the reclassification is in violation of prison and state regulations that prevent prisoners from being transferred who have frequent visits from family members. Plaintiff states he has frequent visits from close family. Plaintiff also argues that he has a heart condition that doctors refuse to recognize, which should also prevent him from being transferred out of state. However, plaintiff has provided no specific details regarding the medical issue. Plaintiff also argues that he will not have access to California legal materials if he is incarcerated at an out of state prison. Finally, plaintiff claims that the appeals officials have improperly screened out his appeals.

In Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976), the Supreme Court stated that a prisoner does not have a due process right against a transfer: "[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Meachum, at 225, 96 S.Ct. at 2538. Generally, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); see also, Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life

may be more disagreeable in one institution than in another" without violating the prisoner's due process rights). While in Meachum, the U.S. Supreme Court is explicitly addressing transfers of inmates within the state prison system, the high court has made clear that the reasoning of, inter alia, Meachum, applies beyond the intrastate context and "compels the conclusion that an interstate prison transfer ... does not deprive an inmate of any liberty interest protected under the Due Process Clause in and of itself." Olim v. Wakinekona, 461 U.S. 238, 248, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); Montayne v. Haymes, 427 U.S. 236, 242 & n. 4, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (even "substantially burdensome consequences," such as separation from home and family due to a prison transfer, does not implicate due process). Plaintiff has not stated a cognizable claim regarding his reclassification for out of state transfer.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995) (discussing the right in the context of prison grievance procedures). This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n. 3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir.2007).

1  Delays in providing legal materials or assistance which result in prejudice are "not of
2  constitutional significance" if the delay is reasonably related to legitimate penological purposes.
3  Lewis, 518 U.S. at 362.
4  	Here, plaintiff's claims are speculative at best.  As plaintiff has yet to be
5  transferred, he has no actual knowledge regarding the material available in the out of state prison
6  law library to which he may be transferred.   As plaintiff's claims are speculative and he cannot
7  show any actual injury, his complaint fails to state a claim for denial of access to the courts
8  	In order to state a § 1983 claim for violation of the Eighth Amendment based on
9  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
10  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.
11  285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively
12  serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,
13  501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.
14  1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."
15  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).
16  	A serious medical need exists if the failure to treat a prisoner's condition could
17  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
18  that a prisoner has a serious need for medical treatment are the following:  the existence of an
19  injury that a reasonable doctor or patient would find important and worthy of comment or
20  treatment; the presence of a medical condition that significantly affects an individual's daily
21  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
22  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
23  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
24  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Plaintiff has
25  not stated any specific details regarding his medical claim.
26  \\\\\

Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]

Plaintiff's claims will be dismissed but plaintiff will be granted leave to amend, within thirty (30) days of service of this order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

> deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff's request to proceed in forma pauperis is denied

3  2. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in dismissal of this action.

DATED: July 20, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh: ab
vasq1394.scrn